**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
5:18-cv-00078-FDW**

| | | |
|---|---|---|
| DUANE L. FOX, | ) | |
| *A/K/A* DUANE LEROY FOX, | ) | |
| *A/K/A* JENNIFER ANN JASMAINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| FNU FOX, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Certain confidential documents, material, and information (hereinafter, "Confidential Information") in the possession, custody or control of the North Carolina Department of Public Safety, Division of Adult Correction (hereinafter, "the DAC") is necessary for Defendant Terri M. Byrd, M.D. (hereinafter "Dr. Byrd") to obtain in order to defend against Plaintiff's allegations in the above named suit, and it may be necessary that additional Confidential Information will need to be disclosed during the course of this litigation. It is anticipated that some portion of the Confidential Information relates to Plaintiff, an inmate currently or formerly in the custody of the DAC, or relates to current or former employees, contract employees or independent contractors of the DAC. The Confidential Information is expected to include inmate records deemed confidential pursuant to N.C.G.S. §§ 148-74 and -76. In addition, the information may be confidential under 42 CFR 2.1 et seq., N.C.G.S. § 122C-52. In light of the confidentiality of this material, and in an effort to protect that confidentiality, the DAC requires the entry of a Consent Order to release the Confidential Information and to ensure that it is not disclosed or used for any purpose except in connection with this litigation.

1

In the interests of justice and to further the legitimate causes of this litigation, the DAC agrees to disclose the Confidential Information in its custody and possession to Teague Campbell Dennis & Gorham, LLP, counsel for Dr. Byrd, subject to the conditions set forth herein and adopted by the Court. Accordingly, upon the agreement of counsel, it is hereby **ORDERED** that:

1. **Scope of the Order.** This Order requires DAC to disclose Confidential Information, as defined and designated in accordance with this Order, to counsel for Defendant Terri Byrd, MD. This Order governs the handling and disclosure of all documents, materials and information identified, produced, given, exchanged, obtained, or filed herein and which are designated by DAC as "confidential information."

2. **Agreement on Use of Confidential Information.** All Confidential Information, as defined and designated in accordance with this Order, shall be used solely in the prosecution or defense of this action including, but not limited to, mediation, other alternative dispute resolution processes, any other settlement process, and all other pretrial, trial and post-trial proceedings in this action and shall not be used or disclosed by any person for any other purpose.

3. **"Disclosure."** When used in this Order, the term "Disclosure" shall mean to provide, impart, transmit, transfer, convey, publish, or otherwise make available.

4. **"Confidential Information."** For the purposes of this Order and during the course of this litigation, the parties to this Order identify "General Confidential Information" and define it as follows:

    a. "General Confidential Information" means:

        (1) Inmate records of Plaintiff Jennifer Ann Jasmaine f/k/a Duane Leroy

Fox a/k/a Duane Leroy Fox, including, but not limited to, grievances, use-of-force reports, incident reports, external and internal movement records, confidential inmate witness statements provided in the course of disciplinary investigations, and infraction reports pertaining to Plaintiff;

(2) The medical records maintained by the DAC pertaining to Plaintiff Jennifer Ann Jasmaine f/k/a Duane Leroy Fox a/k/a Duane Leroy Fox;

(3) The mental health records maintained by the DAC pertaining to Plaintiff Jennifer Ann Jasmaine f/k/a Duane Leroy Fox a/k/a Duane Leroy Fox; and

(4) Other documents, materials, or information that are potentially embarrassing or invasive of the privacy of a person not a party to this litigation and therefore an appropriate subject of a Consent Order.

5. **Disclosure of Confidential Information.** General Confidential Information shall not be disclosed to anyone except:

    a. The court and its personnel;

    b. The parties to this action as required by law and pursuant to the terms of this Order;

    c. Teague Campbell Dennis & Gorham, LLP, counsel for Dr. Byrd in this action, and employees and/or vendors of Teague Campbell Dennis & Gorham;

    d. Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 6;

3

f. Court reporters or videographers engaged to record depositions, hearings or the trial of this action;

g. Members of the Inmate Grievance Resolution Board;

h. Witnesses at any deposition in this matter as well as witnesses or jurors at the trial of this matter; and

i. Dr. Byrd's employer and insurer, if any.

6. **Confidentiality Agreements.** Before Confidential Information is disclosed to any vendors of Teague Campbell Dennis & Gorham as well as any person described in Paragraphs 5(d) and 5(h) of this Order, Teague Campbell Dennis & Gorham, counsel for Dr. Byrd, shall inform the person to whom the disclosure is to be made that Confidential Information shall be used only for the purpose of the prosecution or defense of this action, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached as Exhibit A. Teague Campbell Dennis & Gorham, counsel for Dr. Byrd, shall maintain the original Confidentiality Agreement and need not produce it except by agreement of the DAC and counsel for Dr. Byrd or upon order of the court.

7. **Designation of Confidential Information.** Information shall be designated as Confidential Information in the following manner:

a. In the case of information reduced to paper form, the designation shall be made (1) by placing the appropriate legend, "CONFIDENTIAL - SUBJECT TO CONSENT ORDER" for General Confidential Information on each page containing such information or (2) by such other means as agreed to by the DAC and counsel for Dr. Byrd. Counsel for the DAC shall designate the documents as

confidential at or before the time of the disclosure.

b. Information on a computer disk, data tape, or other medium that has not been reduced to paper form shall be designated as General Confidential Information (1) by informing counsel for the receiving party in writing that the computer disk, data tape, or other medium contains such Confidential Information and, where applicable, specifying by Bates or other page number the particular information being designated or (2) by such other means as agreed to by the parties to this Consent Order. To the extent practicable, such physical medium shall be labeled using the appropriate legend. Any party receiving Confidential Information designated under this Paragraph shall then be responsible for appropriately labeling as confidential, any printed version(s) of such information that it creates.

c. Any other information that is not reduced to physical form or cannot be conveniently labeled shall be designated as Confidential Information by serving a written notification of such designation on Teague Campbell Dennis & Gorham, counsel for Dr. Byrd. The notice shall, where applicable, specify by Bates or other page number the particular information being designated.

8. **Disputes over Designations.** If Teague Campbell Dennis & Gorham, counsel for Dr. Byrd, objects to the designation of any information as confidential, counsel for Dr. Byrd and counsel for the DAC shall attempt to resolve the disagreement on an informal basis. If the objection is not so resolved, the objecting counsel may move the court for appropriate relief. The information in question shall continue to be treated as confidential in accordance with the disputed designation unless and until the court issues a final ruling that the information does not qualify for such a designation. The non-filing by the

objecting party of a motion for relief shall not be deemed an admission that the information qualifies for the disputed designation.

9. **Inadvertent Disclosure of Confidential Information.** Inadvertent disclosure of Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to the information inadvertently disclosed if promptly called to the attention of counsel for the receiving party.

10. **Filing of Confidential Information Under Seal.** At the time that confidential information is produced to Teague Campbell Dennis & Gorham, counsel for Dr. Byrd, counsel for the DAC will indicate, in writing, if any of the confidential information being produced is of the type that should be filed with the Court under seal. If such indication is given, Teague Campbell Dennis & Gorham, counsel for Dr. Byrd, shall file the document as a proposed sealed document along with a motion to seal and supporting memorandum indicating the basis under which the DAC determined that the document should be filed under seal. If Counsel for the DAC determines that the document should be filed as a proposed sealed document, Counsel for the DAC agrees the determination as set forth in this paragraph will be narrow in scope and any such determination will be consistent with the manner in which the attorneys in the Public Safety Section of the North Carolina Department of Justice file the same or similar documents in 42 USC § 1983 cases involving the medical care of inmates. If no such indication is given by Counsel for the DAC, and/or Teague Campbell Dennis & Gorham, counsel for Dr. Byrd, may file the confidential information with the Court [with or without proposing to seal the confidential information].[1] Each time a party seeks to file under seal confidential

---

[1] This Consent Order was drafted by counsel for Defendant Byrd with the consent of the DAC. The Court has made some punctuation and grammatical corrections and a few modifications. However, this sentence of the proposed

documents, things, and/or information, said party must accompany the request with a motion to seal and supporting memorandum of law specifying:

    a. The exact documents, things, and/or information, or portions thereof, for which filing under seal is requested;

    b. Where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access;

    c. The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;

    d. The reasons why alternatives to sealing are inadequate; and

    e. Whether there is consent to the motion.

Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court. Before the court rules on any motion to seal, the public will be given notice of the motion and a reasonable opportunity to challenge it. If individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and finding that the interests advanced by the movant override any constitutional or common

---

Consent Order was unintelligible: ". . . counsel for Dr. Byrd may file the confidential information with the Court without the to file such confidential information as a proposed sealed document[,]" (Proposed Consent Order ¶ 10, Doc. No. 22-1). The Court has enclosed it's interpretation of the proposed language in brackets.

law right of public access which may attach to the documents, things, and/or information issue.

11. **Authors/Recipients.** Except as specifically provided herein, or as provided under state and/or federal statute, this Order shall not limit use by a party of its own Confidential Information, nor shall this Order limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

12. **Return of Confidential Information.** Following the conclusion of this action, including any appeals, Teague Campbell Dennis & Gorham, counsel for Dr. Byrd, shall request that any Confidential Information provided to any vendors of Teague Campbell Dennis & Gorham as well as any person described in Paragraphs 5(d) and 5(h) of this Order either be returned to it or shredded. Teague Campbell Dennis & Gorham, counsel for Dr. Byrd, shall destroy any Confidential Information provided by the DAC in accordance with the Rules of Professional Conduct of the North Carolina State Bar and/or any professional liability policy requirements which provide coverage for the services of Teague Campbell Dennis & Gorham, counsel for Dr. Byrd. If any vendor of Teague Campbell Dennis & Gorham, any person identified in Paragraphs 5(d) and 5(h) of this Order, or Teague Campbell Dennis & Gorham, elects to destroy the Confidential Information rather than return it to counsel for the DAC, Teague Campbell Dennis & Gorham, counsel for Dr. Byrd, shall provide to counsel for the DAC a signed certification that the Confidential Information has been destroyed or will be destroyed in accordance with the file retention policy of Teague Campbell Dennis & Gorham, counsel for Dr. Bryd. Any Confidential Information, or portions or excerpts thereof, which are not returned or destroyed pursuant to this paragraph shall remain subject to the terms of this

Order. The return of trial exhibits by the Court shall be governed by Local Civil Rule 79.1, W.D.N.C.

13. **Admissibility of Information.** Neither the terms of this Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed to establish or vitiate the admissibility under the Federal Rules of Evidence of any information subject to this Order.

14. **Modification.** This Order is without prejudice of the right of the DAC, Teague Campbell Dennis & Gorham, counsel for Dr. Byrd, to seek modification or amendment of the Order by motion to the court, or to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate.

**IT IS FURTHER ORDERED** that Teague Campbell Dennis & Gorham, counsel for Dr. Byrd, will observe the requirements of this Order as to Confidential Information produced by the DAC as required by this Order.

Signed: July 25, 2019

Frank D. Whitney
Chief United States District Judge

**WE CONSENT:**

Joseph Finarelli
Special Deputy Attorney General
N. C. Department of Justice
/s/ Joseph Finarelli
114 W. Edenton Street
Raleigh, NC 27603
Telephone: (919) 716-6531
E-mail: jfinarelli@ncdoj.gov
Attorney for DAC



Teague Campbell Dennis & Gorham, LLP
/s/ J. Matthew Little
J. Matthew Little
NC State Bar No.: 20032
Post Office Box 19207
Raleigh, North Carolina 27619-9207
Telephone: (919) 873-0166
Facsimile: (919) 873-1814
E-mail: mlittle@teaguecampell.com
Attorneys for Defendant Terri M. Byrd, MD

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

I have read and am familiar with the terms of the Consent Order governing the Confidential Information in the case of Jennifer Ann Jasmaine f/k/a Duane L. Fox a/k/a Duane Leroy Fox v. FNU Fox, et al., Civil Action No. 5:18-CV-0078-FDW, in the Western District of North Carolina, Statesville Division, and I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information obtained, whether in documentary or other form, pursuant to that Order other than for purposes of this litigation. I also agree to return to counsel of record or to destroy not later than 30 days after notification of the termination of this litigation any and all documents in my possession containing information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports, or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order).

I further agree to submit myself to the jurisdiction of the foregoing court, including its contempt power, for enforcement of said Order.

_____                                   _____
Signature                                                                                                  Date


_____
Name