UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:18-cv-00078-FDW

| | |
|---|---|
| JENNIFER ANN JASMAINE f/k/a DUANE L. FOX a/k/a DUANE LEROY FOX, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| FNU FOX, et al., | ) ) ) |
| Defendants. | ) |

ORDER

THIS MATTER is before the Court on Defendant Terri M. Byrd, M.D.'s Motion to Dismiss (Doc. No. 30), requesting this Court to dismiss Plaintiff's allegations pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. The Court provided Plaintiff a Roseboro notice and Plaintiff failed to timely respond. As such, the issue is ripe for review. For the reasons stated below, Defendant Byrd's Motion to Dismiss (Doc. No. 30) is GRANTED.

## I.   BACKGROUND

On May 7, 2018, *pro se* Plaintiff, Jennifer Ann Jasmaine, filed her Complaint containing various allegations against 36 defendants. (Doc. No. 1). In her Complaint, Plaintiff asserts Dr. Byrd violated Plaintiff's Eighth Amendment right to be free from the infliction of cruel and unusual punishment. (Doc. No. 1, p. 49-53). In support of this assertion, Plaintiff claims Dr. Byrd refused to issue medical headphones (over-the-head), despite Plaintiff having an order from Dr. Owens that was good until 2099 (for the duration of her incarceration). (Doc. No. 1, p. 49). Plaintiff further alleges that over a period of about nine (9) months she placed a total of 29 sick calls, and during that period, she was never seen by a doctor for any of her sick calls. (Doc. No. 1, p. 49). Plaintiff states "[s]he had a serious medical need" and "[p]rison officials showed

deliberate indifference to her serious medical need, and this deliberate indifference caused her injury." (Doc. No. 1, p. 50). Plaintiff asserts the treatment she received was "so cursory as to amount to no treatment at all, which violates the Constitution." (Doc. No. 1, p. 51). Plaintiff concludes her allegations against Dr. Byrd by asserting, "[f]ailure to treat the plaintiff, Ms. Jasmaine's condition resulted in further significant injury and the unnecessary and wanton infliction of pain" and "[t]he deliberate indifference toward the plaintiff, Ms. Jasmaine from medical showed that prison officials knew about her serious medical need and the prison officials failed to respond reasonably to it." (Doc. No. 1, p. 51).

Dr. Byrd filed a Motion for Extension of Time to Answer (Doc. No. 21), which this Court granted (Doc. No. 26). Dr. Byrd then timely filed her Answer to Plaintiff's Complaint (Doc. No. 32) and a Motion to Dismiss for Failure to State a Claim (Doc. No. 30) on August 9, 2019. This Court, in accordance with the principles under <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), further advised Plaintiff of her right to respond to Defendant Dr. Byrd's Motions and the burden of proof she carried in so responding. (Doc. No. 35). Plaintiff failed to timely respond following the <u>Roseboro</u> notice.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when the pleading party fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8(a) of the Federal Rules of Civil Procedure provides the general rules parties must adhere to in stating a claim for relief, including (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8.

A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive only if it contains

"enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). In other words, before a plaintiff will be permitted to impose the substantial burden and expense of discovery on a defendant, she must plead *evidentiary facts*, and not mere conclusions, which might "plausibly" suggest that the defendant was guilty of misconduct. Iqbal, 556 U.S. at 678. A complaint is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." Id. While a high level of factual detail is not required, a complaint needs more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citation omitted). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679. However, a plaintiff's legal conclusions are not entitled to a presumption of truth. Id. at 678.

"Complaints filed by *pro se* plaintiffs are construed more liberally than those drafted by an attorney." Berry v. Gutierrez, 587 F. Supp. 2d 717, 722 (E.D. Va. 2008) (citing Haines v. Kerner, 404 U.S. 519, 520–21 (1972)). Thus, "[w]hen considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). At the same time, however, the Court should not "assume the role of advocate for the *pro se* plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted).

### III.     ANALYSIS

The Eighth Amendment protects inmates from inhumane treatment for the duration of their imprisonment by prohibiting the infliction of "cruel and unusual punishment." U.S. CONST.

AM. VIII. It is well settled that only "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 2014 (1976). Consequently, an inmate will not prevail unless she can prove both that her medical needs were objectively "serious" and that the defendant subjectively acted with "deliberate indifference" to her serious medical needs. Estelle, 429 U.S. at 104; see, e.g., Farmer v. Brennan, 511 U.S. 825 (1994); Iko v. Shreve, 535 F.3d 225 (4th Cir. 2008).

A medical condition or need of a prisoner is "serious" only if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241. The "deliberate indifference" requirement places a "particularly high bar to recovery." Id. In Parrish ex rel. Lee v. Cleveland, 372 F.3d 294 (4th Cir. 2004), the Fourth Circuit noted:

> Liability under this standard thus requires two showings. First, the evidence must show that the official in question subjectively recognized a substantial risk of harm. It is not enough that the officers *should have* recognized it; they actually must have perceived the risk. Second, the evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.' As with the subjective awareness element, it is not enough that the official *should have* recognized that his actions were inappropriate; the official actually *must have* recognized his actions were insufficient.

Id. at 303 (citations omitted). Thus, to show the defendant was deliberately indifferent to the serious medical needs of the plaintiff, the plaintiff must show the defendant had actual knowledge (1) of the risk of harm posed by the serious medical condition and (2) his actions were insufficient to mitigate the risk of harm. Id.

Here, Plaintiff's allegations against Defendant Byrd do not state a plausible claim to relief sufficient to survive Rule 12(b)(6). Instead of facts to support her claim against Defendant Byrd, the vast majority of Plaintiff's Complaint merely cites case law. Plaintiff's Complaint fails to meet the Estelle standard, as it does not contain the factual content to show (1) Plaintiff's

medical need was serious; and (2) Dr. Byrd was deliberately indifferent to Plaintiff's serious medical need.

Based on the most liberal reading of her allegations against Defendant Byrd, Plaintiff fails to state facts sufficient to show her medical needs were "serious." In her Complaint, Plaintiff raises two medical needs: (1) "medical headphones (over-the-head)" and (2) various "sick calls" over approximately nine (9) months. (Doc. No. 1, p. 49). Plaintiff failed to allege she suffered from a serious medical need "that ha[d] been diagnosed by a physician as mandating treatment." Iko, 535 F.3d at 241. Although Plaintiff mentions a doctor's "order," Plaintiff did not allege that Dr. Owen's order mandated the use of headphones. The Complaint also does not allege facts explaining what Dr. Owen's order entailed, such as a medical diagnosis or symptoms which would require her use of medical headphones. Moreover, Plaintiff failed to allege she suffered from a serious medical need that was "so obvious even a lay person would easily recognize the necessity for a doctor's attention." Id.

Plaintiff's allegations surrounding the 29 sick calls further fail to state a plausible claim against Defendant Byrd. Nowhere in Plaintiff's Complaint does she explain why she was placing the sick calls; Therefore, Plaintiff did not allege a serious medical need resulting in the sick calls. Furthermore, as Defendant Byrd is a medical doctor, not a nurse, and Plaintiff relies on her allegations that she was never seen by a doctor during the nine (9) month period she placed the calls, Plaintiff's allegations as to the sick calls must fail as to Defendant Byrd.

## IV. CONCLUSION

Because Plaintiff has failed to plead sufficient facts showing she suffered from a serious medical need, Plaintiff also fails to show Defendant Byrd was deliberately indifferent to her serious medical need. Moreover, Plaintiff failed to timely respond to Defendant Byrd's Motion to Dismiss

following the Court's <u>Roseboro</u> notice (Doc. No. 35) setting a response deadline for March 16, 2020. Defendant Byrd's Motion accordingly must be GRANTED.

IT IS THEREFORE ORDERED that Defendant Byrd's Motion to Dismiss (Doc. No. 30) is GRANTED.

SO ORDERED.

Signed: March 27, 2020

Frank D. Whitney
Chief United States District Judge